BLANCHE, Judge.
These consolidated suits arise from an accident which occurred on Louisiana Highway No. 10 in Washington Parish, Louisiana. The accident took place when Frank T. Cacioppo, appellant, was unable to stop for a school bus that was slowing down to pick up a child of John K. Waskom, appel-lee, whose house and farm buildings were located on the south side of the highway. As appellant was following the bus, he allegedly applied his brakes in order to bring his vehicle to a stop behind the bus when the brakes, suddenly and without warning, failed. To avoid the bus and child, appellant swerved his truck to the left, went off the highway, crossed the shoulder of the road, hit and knocked down a utility pole, *465 continued onto the property of John Was-kom, and hit a gas storage tank next to Waskom’s barn. A broken wire from the utility pole ignited the gas from the storage tank, starting a fire that burned up the barn and all of the hay stored therein.
Appellant blames the brake failure on a brake booster which he contends became separated as a result of a manufacturing defect. The brake booster was manufactured by Fred Jones Manufacturing Company, Inc., and purchased by appellant from Miller Ford Company, Inc., in Franklinton, Louisiana.
The following legal proceedings arose from these factual circumstances. The first suit was filed by Waskom against Cacioppo for the damage to Waskom’s property which was not reimbursed by Waskom’s insurer. Cacioppo filed a third party demand in that suit against Miller Ford Company and Fred Jones Manufacturing Company. The second suit was a subrogation suit by Waskom’s insurance company, Louisiana Farm Bureau Mutual Insurance Company, against Cacioppo for $1,100 which the insurance company paid to Waskom for damages to his barn. Cacioppo also filed a third party demand in that suit against Miller Ford and Fred Jones Manufacturing Company. The third and last suit was filed by Cacioppo against Miller Ford and Fred Jones Manufacturing Company for the damages that occurred to his truck in the accident.
The trial court rejected Cacioppo’s testimony that his brakes failed and held that the accident was solely his fault, based on the undisputed physical fact that appellant Cacioppo’s vehicle left 160 feet of skid marks. Judgment was rendered in favor of Waskom and his insurer against Cacioppo in the total principal amount of $5,032.50. Ca-cioppo’s suit was dismissed, as were his third party demands against Miller Ford Company and Fred Jones Manufacturing Company. Cacioppo has perfected an appeal from the foregoing judgments. We affirm.
The only issue in the case is whether the trial judge committed manifest error in holding that Cacioppo did not prove that the accident in question was caused by a defect in the brake booster.
We approve the trial judge’s findings of fact as set forth in his Reasons for Judgment as follows:
“The evidence shows that in December of 1968, Mr. Cacioppo bought a brake booster from Miller Ford in Franklinton. The booster was sold by Miller Ford boxed and sealed as it came from the manufacturer. Mr. Cacioppo installed the booster himself. The braking system worked fine until the date of the accident. At that time the truck had been driven some 5600 miles since the installation of the booster.
“The evidence further shows that the Cacioppo truck was towed from the scene of the accident to Miller Ford in Frank-linton by Mr. Floyd Jarrell, a mechanic for Miller Ford. On arriving at the scene he was told that the brakes had failed and he noted that the booster had separated at a point where it is joined by a band tightened by a bolt and nut. He towed the truck in and loosened the band, replaced it in its proper position, tightened it, and the brakes worked properly.
“The evidence is clear that the booster comes as a unit from the factory with the band joining the two elements. When the booster is installed there is no necessity to make any adjustments of the band. Normally the bolt which tightens the band is bent by the manufacturer after tightening so the bolt cannot slip loosening the band. According to Mr. Jarrell, he loosened and tightened the nut on the bolt of this booster after the accident indicating the bolt was straight. It is contended that the bolt being left straight by the manufacturer caused the nut to work loose, in turn- loosening the band so the booster separated causing the truck to lose braking power. It is clear that if the booster separates in the manner described the brake will fail and go to the floor. The question is whether that happened in this case.
*466 “The evidence strongly suggests that the accident happened in the manner testified to by Mr. Cacioppo except for the salient uncontradicted physical fact that the state trooper testified he found some 160 feet of skid marks on the roadway and into the Waskom yard. If the brake booster separated prior to the accident the evidence is clear that there would have been no braking power. Certainly there would not have been enough to cause 160 feet of skidding, some of it in dirt off a roadway.
“Consequently, the evidence is simply insufficient to show that the separation of the booster occurred prior to the accident. * * *” (Reasons for Judgment, Record, pp. 69-70)
Evidently, the trial judge did not believe appellant’s testimony that his brakes failed, because if they had failed, then appellant could not have left the skid marks. Another fact which may have influenced the trial judge is the fact that appellant Cacioppo is a mail carrier and not a mechanic, even though he may well have known how to install a brake booster. Nevertheless, the installation was the responsibility of appellant, and the possibility exists that the separation of the booster may have been a result of faulty installation. Additionally, appellant had driven his vehicle for over 5,600 miles with no apparent problem with his booster until the time of the accident. Also, the testimony of a brake expert at trial suggested that if the booster had failed, then the brakes would have gone to the floor. However, if there had been no brakes, it would have been physically impossible to leave the length of skid marks observed at the scene.
There is no error in the trial judge’s factual findings, and appellant has failed to sustain the burden of proving that the proximate cause of the accident was a brake failure.
ORDER IN NO. 10888
For the above and foregoing reasons, the judgment of the trial court in Suit No. 10,888 is affirmed, at the cost of appellant, Frank T. Cacioppo.
AFFIRMED.
ORDER IN NO. 10889
For the reasons set forth above the judgment of the trial court herein is affirmed, at the cost of appellant, Frank T. Cacioppo.
AFFIRMED.
ORDER IN NO. 10890
For the reasons set forth above, the judgment of the trial court herein is affirmed, at the cost of appellant, Frank T. Cacioppo.
AFFIRMED.